IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. TATUM,

                Plaintiff,

v.

KEVIN CARR, JOHN KIND, JAY VANLANEN,
DAVID BROOKS, DREW WYECKER, TRISTAN
RETZLAFF, CALEB ZITEK, JOSHUA GOMM,
"JOHN" WALTON, ANTHONY MATUSHAK,
ZACHARY KARPETA, CAMERON COMACHA,
JASON GIBBS, JAMES HURST, ADAM
WHITING, "JOHN" BRIMBERGER, "JOHN"
ADKINS, "JOHN" JEAN, JODI PERTTU,
BRAD HOMPE, CINDY O'DONNELL, EMILY
DAVIDSON, MICHAEL GREENWOOD, and
2 UNKNOWN ESCORT COS,

                Defendants.

OPINION AND ORDER

19-cv-528-wmc

---

*Pro se* plaintiff Robert L. Tatum, a prisoner currently incarcerated at Green Bay Correctional Institution ("Green Bay"), filed this proposed action under 42 U.S.C. § 1983, claiming that several Wisconsin Department of Corrections ("DOC") employees have been violating his constitutional rights. He has requested leave to proceed without prepayment of the filing fee. Because this lawsuit is governed by the Prison Litigation Reform Act, certain conditions must be satisfied before Tatum can be extended the privilege of proceeding without paying the filing fee. In particular here, court records confirm Tatum has already filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. *See Tatum v. Cimpl*, No. 14-cv-690-jdp (W.D. Wis. Feb. 12, 2016) (dkt. #9); *Tatum v. Fossum*, No. 15-cv-1395-rtr (E.D. Wis. Feb. 8, 2016) (dkt. #13); *Tatum v. United States*, No. 15-3291 (7th Cir. Feb. 3, 2016) (dkt. #13).

Accordingly, Tatum may not proceed with his present proposed action without the prepayment of fees under 28 U.S.C. § 1915(g), *unless* he can show that he is subject to imminent danger of serious physical injury.

After reviewing his complaint, the court concludes that plaintiff has failed to allege sufficient facts to find that he is in imminent danger of serious physical injury, although the court will grant him leave to replead his claim against defendant David Brooks and possibly other defendants based on his claim that Brooks and certain correctional officers are tampering with his food by either placing "tapeworms" in them or otherwise serving him "rancid" food.

ALLEGATIONS OF FACT[1]

**A. The Parties**

Plaintiff Robert Tatum is currently incarcerated at Green Bay, and his allegations cover events taking place at that institution. He names twenty-six defendants, two of whom are unidentified. For DOC employees employed at Green Bay, Tatum names the following individuals who were in the following roles at the time he filed this complaint: John Kind, the Security Director; Jay VanLanen, the Restrictive Housing Unit ("RHU") Captain; David Brooks, the Food Services Manager; Drew Wyecker and Tristan Retzlaff, Sergeants; Caleb Zitek, Joshua Gomm, "John" Walton, Anthony Matushak, Zachary Karpeta, Cameron Comacha, Jason Gibbs, James Hurst, Adam Whiting, "John"

---

[1] Courts must read allegations in pro se complaints generously, resolving ambiguities and drawing all reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

2

Brimberger, "John" Adkins, "John" Jean, and two unknown individuals, correctional officers; Jodi Perttu, grievance decision-maker; and Brad Hompe, Cindy O'Donnell and Emily Davidson, Inmate Complaint Resolution System ("ICRS") appeals decision-makers. In addition, Tatum also names as defendants: Kevin Carr, the secretary of the DOC, and Michael Greenwood, the Central Complaint Examiner.

### B. Prior Lawsuit

On June 23, 2016, Tatum prevailed at a bench trial before this court in case no. 13-cv-44, filed against DOC staff for RLUIPA violations. This court entered an injunction requiring the DOC provide Tatum with a Nation of Islam diet. Plaintiff alleges that since that lawsuit, defendants "are constantly engaging in acts against me Tatum and against fair/proper receipt of the NOI diet required by the 13-cv-44 case's injunction." (Compl. (dkt. #1) ¶ 13.)

### C. Confiscation of Legal Materials

Plaintiff alleges that his legal materials were confiscated some time in 2018, after his transfer to Green Bay, and that defendant Walton handles property and "on info and belief is responsible for the re-confiscation." (Id. ¶ 16.) Moreover, Tatum alleges that Walton "has motive to participate in retaliatory confiscation of my materials -- he has a grudge against me for personal reasons." (Id. ¶ 17.)[2]

---

[2] Plaintiff also alleges that two unidentified correctional officers who escorted him to the federal courthouse during his 2016 trial, at which time he was incarcerated at Waupun Correctional Institution, criticized the court's order, ruling in his favor. Plaintiff adds that DOC staff at Waupun confiscated his legal materials upon his return to Waupun.

### D. Lack of Compliance with NOI Diet

As for defendant Brooks, plaintiff alleges, as he has repeatedly in post-judgment filings in the 13-cv-44 case, that Brooks "has expressed contempt against" the injunction, acts "hostile toward me when discussing NOI diet issues," and "intentionally send[s] me non-NOI food items" in retaliation for his successful lawsuit. (*Id.* ¶ 18.) Plaintiff also alleges that from March 2017 through the time of the filing of his complaint, defendants, all RHU staff, VanLanen, Wyecker, Retzloff, Gomm, Matushak, Comacha, Hurst, Adkins, Brimberger, Gibbs, Jean, Whiting, and Karpeta, "are assisting Brooks in his retaliation and violations of the 13-cv-44 injunction by intentionally not getting NOI diet issues corrected that are reported to them on their shifts as policy requires." (*Id.* ¶ 19.) As part of this retaliation, Tatum further alleges that he has noticed "slimy objects resembling tapeworms" in his NOI diet and that various items, namely navy beans, are "rancid." (*Id.* ¶ 20.)

### E. Natural Gas Exposure

On or about May 22, 2019, Tatum alleges that he was sitting in his RHU cell and "noticed a 'natural gas' smell / taste coming from the vent." (*Id.* ¶ 21.) After 30 to 45 minutes of it persisting, correctional officers came in the hall and used the switch outside of his door to turn on his cell light for no reason. Tatum alleges "[o]n belief, the leak and light activation was [an] attempt to harm or kill me by igniting the gas with [a] spark from the light, but it didn't work (fortunately, I keep TP over my vent so not enough gas)." (*Id.*)

F.  **Treatment of Administrative Grievances**

Plaintiff has filed at least four ICRS grievances since September 27, 2017, concerning alleged retaliation.  Tatum alleges that "ICRS staff, incl[uding] Perttu, Hompe, O'Donnell, [and] Carr, participate in reported related misconduct of staff by using their positions as grievance investigators to cover misconduct or by lying or ignoring evidence in their reports and / or misclassifying complaints to justify dismissing complaints in staff's favor to allow misconduct to continue."  (*Id.* ¶ 22.)  Specifically, with respect to ICRS complaint GBCI 2019-8489, plaintiff alleges that defendant Perttu dismissed his complaint concerning Brooks' refusal to provide fresh fruit at least five times per week because staff were enforcing a "container restriction," which Tatum contends was a sham reason.

With respect to GBCI 2019-4764, Tatum complained that defendant Walton refused to give him approximately $90 worth of legal / education books purportedly because they arrived without a receipt / invoice in violation of policy.  Despite Tatum's insistence that the materials arrived with a receipt, Perttu dismissed his complaint and Hompe, O'Donnel and Carr affirmed the dismissal on appeal.  After Tatum received the receipt and Walton still refused to release the materials, Tatum filed another grievance, which Perttu dismissed because it was duplicative of his prior complaint.  Tatum further alleges that these acts were in retaliation of his prior successful litigation because the denied books were legal books.

Plaintiff also alleges that Perttu refused to review video evidence that would have refuted defendant Matushak and Comacho's account of Tatum's damages earbuds and

5

eyeglasses. "Perttu lied to dismiss the complaint without reviewing the video biasedly in staff's favor, claiming a disciplinary appeal was pending so policy prevent an ICRS decision." (*Id.* ¶ 28.) Carr, O'Donnell and Davidson affirmed the denial.

Finally, Tatum alleges that with respect to complaint GBCI 2019-5720, in which he complains that staff illegally obstructed outgoing mail to Brown County courts reporting illegal staff conduct and issued him a conduct report, Perttu dismissed the complaint, again "biasedly in staff' favor," and Carr, Hompe and O'Donnell affirmed this decision on appeal. (*Id.* ¶ 29.)

OPINION

I. Motion for Recusal and Transfer to Judge Crabb

Before addressing plaintiff's complaint, the court must first take up Tatum's motion for this case to be transferred to Judge Barbara Crabb upon disqualification of Judges William Conley and James Peterson in deciding case matters. (Dkt. #3.) Plaintiff argues that pursuant to 28 U.S.C. §§ 144, 455, this case should be transferred to Judge Crabb because of Judges Conley and Peterson's presiding over two other prior Tatum cases.

While my involvement in Case No. 13-cv-044 provides some knowledge of the circumstances surrounding plaintiff's allegations in this complaint, I do not harbor any "personal bias or prejudice" requiring recusal or disqualification under either sections 144 or 455. To the contrary, this court has a practice of assigning *pro se* litigants to the same judge for complaints filed within a 5-year period of practice, finding that this practice promotes judicial efficiency and otherwise assists in stream-lining complaints of frequent filers. Accordingly, the court will deny this motion.

**II. Screening of Complaint**

As set forth above, plaintiff alleges that defendants have retaliated against him because of his successful litigation in Case No. 13-cv-044, by (1) confiscating his legal materials; (2) failing to comply with NOI diet; (3) exposing him to natural gas; and (4) dismissing administrative grievances.

To meet the imminent danger threshold that plaintiff must clear under 28 U.S.C. § 1915(g), however, each of these allegations must support an inference that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This imminent danger exception is intended to provide "frequent filer" inmates otherwise subject to the three strikes rule "an escape hatch for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). Accordingly, allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Construing plaintiff's complaint generously, the *only* claim that might support an inference of imminent danger is that Brooks and other correctional officer defendants are tampering with his food. Even accepting Tatum's allegations as true, however, the complaints lacks sufficient facts from which the court can reasonably infer that these allegations support a finding that Tatum was in imminent danger of physical harm at the time he filed his complaint. Specifically, Tatum does not allege when he noticed the tapeworms or rancid food, the frequency of tapeworms in his food or rancid food, or the proportion of his food that was allegedly tampered with. If the alleged tapeworms and/or

rancid food were isolated events, have since been corrected, or only impacted a small portion of his food, then these allegations do not give rise to a reasonable inference of imminent danger of physical harm.

Moreover, Tatum lists a number of correctional officers who allegedly "assisted" Brooks in retaliating against him for bringing his earlier lawsuit. This general and vague allegation, however, fails to support a reasonable inference that each of these correctional officers were personally involved in the alleged retaliation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement' in the alleged constitutional deprivation."). As such, the court will deny plaintiff leave to proceed on his retaliation claim based on Brooks' and other correctional officers' tampering with his NOI diet. This denial, however, is without prejudice to plaintiff submitting an amended complaint. In drafting a proposed amended complaint, plaintiff should act as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

As for his other allegations of retaliatory acts, confiscation of legal materials and the treatment of his administrative grievances, in *no* way support a finding of imminent danger

8

of physical harm. Accordingly, plaintiff may not proceed on these claims without first paying the full $402 filing fee. If plaintiff does submit the full filing fee, the court will screen these remaining claims as required by 28 U.S.C. § 1915A.

Finally, while plaintiff also alleges that unidentified correctional officers, not listed as defendants in this action, attempted to start a fire in his cell, these allegations are too vague and speculative to support a plausible finding of imminent danger of physical harm. In any event, plaintiff has failed to name any defendants with respect to this claim. As such, the court will deny him leave to proceed as to this clam.

## ORDER

IT IS ORDERED that:

1) Plaintiff Robert Tatum is DENIED leave to proceed on any claim at this time under 28 U.S.C. § 1915(g).

2) With respect to his retaliation claim based on alleged tampering of his NOI diet, plaintiff may have until **December 10, 2021**, to file an amended complaint setting forth sufficient allegations from which the court can determine whether these alleged acts create imminent danger of physical harm. If plaintiff fails to submit a proposed amended complaint by that deadline, the court will dismiss this lawsuit without prejudice, subject to reopening if plaintiff pays the full $402 filing fee.

3) Plaintiff's motion for case to be transferred to Judge Crab upon disqualification of Judges William Conley and James Peterson in deciding case matters (dkt. #3) is DENIED.

4) Plaintiff's motion for expedited screening (dkt. #4) is DENIED AS MOOT.

Entered this 19th day of November, 2021.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge